Filed 6/11/15  P. v. Hightower CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DEYJWONN HIGHTOWER,<br><br>　　　　Defendant and Appellant. | C071682<br><br>(Super. Ct. No. 09F03130) |

A jury convicted defendant Deyjwonn Hightower of shooting at an inhabited dwelling house, and found that he committed the crime for the benefit of a criminal street

gang. Applying Penal Code section 186.22, subdivision (b)(4),[1] the trial court sentenced defendant to 15 years to life in prison.

Defendant now contends the trial court erred in (1) admitting evidence of a hand gesture defendant made 30 minutes before the crime, and (2) determining that it had no discretion to impose a lesser sentence.

We conclude there was no evidentiary or sentencing error. We will affirm the judgment.

## BACKGROUND

Velda Renfro saw defendant driving past her home with two or three other boys in April 2009. She recognized him because he lived in her neighborhood and hung around with her son. She testified that as he drove by, he made a hand gesture toward her as if he were shooting a gun. She perceived the gesture as intimidating.

About thirty minutes later, Renfro noticed police in the neighborhood. A confrontation between defendant's gang and a rival gang had ended in gunfire. A fellow gang member testified for the prosecution, saying that he had brought a loaded gun to the confrontation. At the last minute, however, he gave the gun to defendant, who was 15 years old, because defendant wanted to "get active" with the gang by shooting at rivals. But police found the gun still loaded and the witness was positively identified as one of the shooters. Additional details regarding the crime are included in the discussion *post.*

The jury convicted defendant of shooting at an inhabited dwelling house (§ 246 -- count one). The jury also found that defendant committed the offense for the benefit of, at the direction of, or in association with, a criminal street gang (§ 186.22, subd. (b)(1)). The jury found defendant not guilty on three counts of assault with a firearm (§ 245, subd. (a)(2) -- counts two, three and four).

---

[1] Undesignated statutory references are to the Penal Code.

At sentencing, the trial court noted defendant's youth and bad judgment and described the sentencing law as overly rigid and harsh under the circumstances. Nonetheless, based on appellate court decisions, the trial court concluded it was without discretion to impose a lesser sentence. Applying section 186.22, subdivision (b)(4), the trial court sentenced defendant to 15 years to life in prison.

DISCUSSION

I

Defendant contends the trial court erred in admitting evidence of the hand gesture he made to Renfro as if he were shooting a gun. Defendant argues the testimony was not relevant under Evidence Code section 350 and was unduly prejudicial under Evidence Code section 352.

Before trial, defendant successfully moved to exclude testimony by Renfro regarding a longstanding dispute between her son and defendant. But the trial court denied defendant's motion to exclude Renfro's testimony regarding the hand gesture, finding the testimony highly probative.

Only relevant evidence is admissible. (Evid. Code, § 350.) Courts have discretion to exclude relevant evidence if its probative value is substantially outweighed by the probability of undue prejudice. (Evid. Code, § 352.) Defendant concedes that his presence near the scene of the crime with two or three other males was relevant, but because he lived in the neighborhood he characterizes that part of Renfro's testimony as not "highly incriminating." His concern is with the testimony about the hand gesture, which he asserts was criminal propensity evidence offered only to prove he would be likely to shoot at an inhabited dwelling house. He adds that the evidence was inherently inflammatory and likely to evoke an emotional response from the jury.

Evidence that serves no purpose but to demonstrate criminal propensity is not admissible. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 392.) Such evidence may be admissible, however, to prove a relevant fact such as opportunity, intent or identity.

3

(Evid. Code, § 1101, subd. (b).)  The Attorney General argues that making a shooting gesture while riding in a car used a short time later in a gang shooting is highly probative of opportunity, identity and state of mind.

Police found the car abandoned at the scene.  Renfro's testimony placed defendant in the car and in the crime area just before the crime.  A police officer testified that defendant became a suspect because of his connection to the car.  Renfro's testimony was probative of identity and opportunity, and the testimony about the gesture and its context was probative of defendant's state of mind.

Relevant evidence is unduly prejudicial only when its emotional impact creates a substantial likelihood the jury will not use it to logically evaluate a point but rather as an excuse to reward or punish.  (*People v. Scott* (2011) 52 Cal.4th 452, 491.)  We will not disturb a trial court's Evidence Code section 352 determination absent proof that it exercised its discretion in an " 'arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' "  (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.)   Renfro's description of the hand gesture was succinct and, although she reported perceiving it as intimidating, there is no showing that the trial court's exercise of discretion was arbitrary, capricious or patently absurd.  The trial court did not abuse its discretion in admitting evidence of the hand gesture.

II

Defendant also contends the trial court erred in determining that it had no discretion to impose a lesser sentence.

At sentencing, the trial court stated that imposing a 15-year-to-life sentence in this case appeared to be mandatory under section 186.22, subdivision (b)(4), but added, "I am troubled by a law which requires the incarceration of someone as young as you are for as long as it does require."  Defendant argues the sentence was not mandatory; he claims the trial court had authority to dismiss the gang allegations and to impose a lesser sentence.

4

The interpretation of a statute is a question of law which we review independently. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699.) We give effect to the usual, ordinary meaning of the language employed and look to extrinsic aids such as legislative history only if the words of the statute are not clear. (*Id.* at p. 698.)

Section 186.22, subdivision (b) provides in relevant part:

"(1) Except as provided in paragraphs (4) and (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows:

[¶] . . . [¶]

"(4) Any person who is convicted of a felony enumerated in this paragraph committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, be sentenced to an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:

"(A) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under [section 1170 et seq.], or any period prescribed by Section 3046 [concerning life sentences], if the felony is any of the offenses enumerated in subparagraph (B) or (C) of this paragraph.

"(B) Imprisonment in the state prison for 15 years, if the felony is a . . . violation of Section 246 [shooting at inhabited dwelling house, etc.] . . . .

"(C) Imprisonment in the state prison for seven years, if the felony is extortion . . . or threats to victims and witnesses . . . .

5

"(5) Except as provided in paragraph (4), any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life shall not be paroled until a minimum of 15 calendar years have been served." (§ 186.22, subd. (b).)

In addition, section 186.22, subdivision (g) provides:

"Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section or refuse to impose the minimum jail sentence for misdemeanors in an unusual case where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition." (§ 186.22, subd. (g).)

Section 186.22, subdivision (g) authorizes the trial court to strike "enhancements" in an unusual case where the interests of justice would best be served. But section 186.22, subdivisions (b)(4) and (b)(5) are alternative penalty provisions. (*People v. Briceno* (2004) 34 Cal.4th 451, 460, fn. 7.) The parties agree there is a split in authority in the appellate districts as to whether a trial court has discretion to strike a sentence imposed under section 186.22, subdivisions (b)(4) and (b)(5).

The Attorney General argues the Court of Appeal for the Fourth Appellate District, Division One, reached the correct holding in *People v. Campos* (2011) 196 Cal.App.4th 438 (*Campos*). In *Campos*, the Court of Appeal held that because the penalty prescribed by section 186.22, subdivision (b)(5) is an alternative penalty provision and not a sentence enhancement, the trial court could not strike or refuse to impose the prescribed penalty. (*Campos, supra,* 196 Cal.App.4th at pp. 448-449, 453.) *Campos* cited and was consistent with *People v. Jones* (2009) 47 Cal.4th 566, and *People v. Jefferson* (1999) 21 Cal.4th 86. The Second District Court of Appeal subsequently agreed that a drive-by gang shooting was punishable by a mandatory alternative penalty of 15 years to life. (*People v. Sok* (2010) 181 Cal.App.4th 88, 96.)

6

Defendant counters that this court should follow the decision by the Fifth Appellate District in *People v. Torres* (2008) 163 Cal.App.4th 1420 (*Torres*). During the initial sentencing in *Torres*, the trial court struck the section 186.22, subdivision (b)(4) allegations. (*Torres, supra*, 163 Cal.App.4th at p. 1421.) But when the Department of Corrections and Rehabilitation requested clarification of the sentence, the trial court brought defendant back for resentencing, refused to strike the section 186.22, subdivision (b)(4) penalties, and imposed a sentence more severe than the original sentence. (*Torres, supra*, 163 Cal.App.4th at p. 1422.) The Court of Appeal based its decision on principles of double jeopardy and the mandate of section 1170, subdivision (d), which provides that when a sentence is recalled, the trial court may resentence as if the defendant had not been previously sentenced, but the new sentence may not exceed the initial sentence. (*Torres, supra*, 163 Cal.App.4th at pp. 1428-1429, 1432.) The Court of Appeal remanded the matter to the trial court for resentencing, stating that on remand the trial court could not impose a sentence exceeding the original sentence. (*Id*. at p. 1434.) The Court of Appeal did not analyze or interpret the statutory sentencing scheme, but it did say the trial court "was allowed to strike the gang enhancements if it found unusual circumstances, which it did." (*Id*. at p. 1433.) The court added: "We find nothing unauthorized in the court's original decision to strike the gang enhancements because the reasons given by the trial court were sufficient to support its decision." (*Ibid*.) A more recent opinion by the Fifth Appellate District criticizing *Campos* is now pending review in the California Supreme Court. (*People v. Fuentes* (2014) 225 Cal.App.4th 1283, review granted Aug. 13, 2014, S219109.)

We conclude the analysis in *Campos* is persuasive and, in any event, the procedural posture of *Torres* is inapposite. The California Supreme Court has determined that section 186.22, subdivision (b)(4) imposes an alternative penalty, not an enhancement. (*People v. Jones, supra*, 47 Cal.4th at p. 578; *People v. Brookfield* (2009) 47 Cal.4th 583, 591.) Section 186.22, subdivision (g) authorizes the trial court to strike

an enhancement. We agree with *Campos* that there is no statutory basis for declining to impose the penalty prescribed by section 186.22, subdivision (b)(4).

Although we do not need to review the legislative history to divine legislative intent, we note that our conclusion is supported by that history.

We granted defendant's request for judicial notice of 1988 legislative history materials for the Street Terrorism Enforcement and Prevention Act, now section 186.22, but the specific provision at issue here (punishment for gang-related drive-by shootings) was added more than a decade later by California voters as part of what was then called Proposition 21. As the California Supreme Court observed, the intent of the Legislature is of little importance after a statute has been amended by the voters; at that point, courts must assess the intent of the electorate. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 905.) Proposition 21 became The Gang Violence and Juvenile Crime Prevention Act; it was enacted to combat gang crime, which was described on the March 2000 ballot as a " 'unique threat to the public.' " (*Robert L. v. Superior Court*, *supra*, 30 Cal.4th at p. 905.) The official ballot pamphlet materials demonstrated a clear intent "to dramatically increase the punishment for *all* gang-related crime." (*Id*. at p. 907.) The crime at issue here -- felony shooting at an inhabited dwelling -- was singled out for special attention along with home invasion robbery, carjacking and so-called "drive by" shooting to become what is now section 186.22, subdivision (b)(4)(B). When one of those four crimes is committed for the benefit of a gang, the punishment is an indeterminate term of life imprisonment with a minimum of 15 years. (§ 186.22, subd. (b)(4)(B).) The purpose of that penalty is to enhance public safety. (See "Findings and Declarations," § 2 of Gang Violence and Juvenile Crime Prevention Act of 1988 ¶¶ (b), (h), and (k) [gang-related violence poses "significant threat to public safety"; "[g]ang-related felonies should result in severe penalties"; and "Californians deserve to live without fear of violent crime and to enjoy safe neighborhoods"].)

The trial court did not commit sentencing error.

DISPOSITION

The judgment is affirmed.



      MAURO      , J.


We concur:


      ROBIE      , Acting P. J.


      BUTZ      , J.