Filed 9/2/16  P. v. Vickers CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LARRY VICKERS, JR.,<br><br>Defendant and Appellant. | F071606<br><br>(Super. Ct. No. SC064720A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Jonathan E. Berger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Larry Vickers, Jr. appeals after the trial court resentenced him following notification from the California Department of Corrections and Rehabilitation that the

---

[*]    Before Kane, Acting P.J., Franson, J. and Smith, J.

original sentence imposed was unauthorized because it failed to comply with statutory requirements. We find no error in the trial court's actions and affirm the sentence.

## FACTUAL AND PROCEDURAL SUMMARY[1]

In 1995, over a period of a little more than four months, Vickers committed two crimes both involving the use of a firearm. The two cases were tried together in early 1996.

In the first incident, Vickers, a gang member, was apparently riding in a vehicle when a member of a rival gang was spotted riding a bicycle. Vickers shot at the victim with a handgun. The victim ducked behind another vehicle driving down the street. Victims two and three were inside the vehicle. Four bullets fired by Vickers struck the vehicle. As a result of this incident, Vickers was convicted of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(2)),[2] shooting at an occupied vehicle (§ 246), and discharge of a firearm from a vehicle (§ 12034, subd. (c)) (hereafter the assault counts). In addition, the jury found true the allegations that each crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and that Vickers personally used a firearm in the commission of each crime (§ 12022.5, subd. (a)).

Vickers was sentenced to the upper term of four years for the assault count, and an additional four years for the firearm enhancement. The sentences on the remaining counts were stayed.

In the second incident, a fight occurred in the territory of a Crip gang. Vickers ran out of a nearby house and shot and killed a rival gang member who had been watching the fight. Vickers was convicted of first degree murder. (§ 187, subd. (a).) In addition, the jury found true the allegations that the crime was committed for the benefit of a

---

[1] The facts provided herein were obtained from the opinion filed by this court affirming the convictions (*People v. Vickers, Jr*. (Mar. 24, 1999, F026449) [nonpub. opn.]), along with the abstracts of judgment filed in this case.

[2] All statutory references are to the Penal Code unless otherwise indicated.

criminal street gang (§ 186.22, subd. (b)(1)), and Vickers personally used a firearm during the commission of the crime (§ 12022.5, subd. (a)).

Vickers was sentenced to a term of 25 years to life, plus one year and four months for the firearm enhancement. The sentence for the criminal street gang enhancement was stayed. The sentences for the two incidents were imposed consecutively, for a total determinate term of nine years, four months, and an indeterminate term of 25 years to life.

In December 2014, apparently Vickers was nearing release from prison. The California Department of Corrections and Rehabilitation sent a letter to the Kern County Superior Court advising the court that the sentence imposed in this case was unauthorized. Specifically, it appears that on the murder count the trial court imposed the firearm enhancement at one-third the midterm, but section 12022.5 required the trial court impose the enhancement in full and consecutive to the sentence for the underlying felony.

The trial court resentenced Vickers to four years for the assault count, plus three years for the firearm enhancement. On the murder count Vickers was again sentenced to 25 years to life, plus three years for the firearm enhancement. Thus the total term imposed was a determinate term of 10 years, and an indeterminate term of 25 years to life.

## DISCUSSION

Vickers appeals from the sentence imposed. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asserting that after a thorough review of the record he could not identify any arguable issues. After reviewing the record, we agree with appellate counsel.

In 1995, once the enhancement was found true, section 12022.5 required the trial court to impose "in addition and consecutive to the punishment prescribed for the felony … of which he or she has been convicted, be punished by an additional term of

3.

imprisonment in the state prison for 3, 4, or 10 years ….”  Trial courts are required to impose the enhancements for the full term on crimes for which an indeterminate sentence is imposed.  (*People v. Felix* (2000) 22 Cal.4th 651, 656.)  Therefore, the trial court erred when it imposed the firearm use enhancement on the murder count at one-third the midterm sentence.

Because the trial court imposed a sentence which it could not lawfully impose under the circumstances of this case, it was unauthorized.  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)  When an unauthorized sentence is before the trial court for resentencing, the trial court may consider all sentencing choices, even if those choices result in a longer sentence than the unauthorized sentence which was originally imposed.  (*In re Ricky H.* (1981) 30 Cal.3d 176, 191; *People v. Torres* (2008) 163 Cal.App.4th 1420, 1429-1432.)  Therefore, the trial court did not err when it imposed a lawful sentence that resulted in a longer term of imprisonment.

After appellate counsel filed his brief, we invited Vickers to inform this court of any issues he wished us to address.  Vickers responded to our request by raising two issues.  First, he asserts the trial court lacked jurisdiction over the assault charges because, prior to trial, these matters were disposed of in juvenile court.  This record is devoid of any support for this argument, therefore we must reject it.  If there is merit to this argument, Vickers must choose a different method to present it to the appropriate tribunal.

Second, Vickers asserts that because he was 16 at the time he committed the assault counts, error occurred because a fitness hearing was not held before he was charged with those crimes in superior court.  Once again, we must reject this argument because the record provides no support for it.  We note that pursuant to Welfare and Institutions Code section 707, subdivision (c) as it existed in 1995, because Vickers was charged with murder and assault with a firearm, he was “presumed to be not a fit and proper subject to be dealt with under the juvenile court law,” although the juvenile court

4.

had discretion to deem the minor would be amenable to the care and treatment available through the facilities of the juvenile court. Because the record in this appeal does not contain any of the proceedings that occurred in the juvenile court, we have nothing from which we could evaluate Vickers's assertions. We also note, but do not decide, that the issue may well be time barred.

## DISPOSITION

The judgment is affirmed.