Filed 11/18/20  P. v. Ensminger CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BILLY JOE ENSMINGER,<br><br>    Defendant and Appellant. | F079752<br><br>(Super. Ct. No. CR-18-006010)<br><br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P.J., Peña, J. and Meehan, J.

Defendant Billy Joe Ensminger contends on appeal that his one-year prior prison term enhancement should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People concede the enhancement should be stricken. We strike the prior prison term enhancement, remand for resentencing, and affirm in all other respects.

## PROCEDURAL SUMMARY

On December 6, 2018,[2] the Stanislaus County District Attorney charged defendant in an amended information with attempted carjacking (§§ 215, subd. (a), 664; count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), and possession of ammunition by a felon (§ 30305, subd. (a)(1); count 3). As to count 1, the amended information alleged defendant personally used a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)), had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), had suffered a serious felony conviction (§ 667, subd. (a)), and had served a prior prison term (§ 667.5, subd. (b)).

On December 20, the jury found defendant guilty on all counts and found true the firearm allegation.

On January 10, 2019, in a bifurcated hearing, the trial court found true the prior serious felony conviction allegations and prior prison term allegation. Defendant's prior prison term was served for two 2010 convictions of unlawful taking or driving of a motor vehicle (Veh. Code, § 10851, subd. (a)).

On July 31, 2019, the trial court imposed a sentence of 16 years in prison as follows: on count 1, five years (the middle term of two and a half years doubled due to defendant's prior strike conviction), plus 10 years for the firearm enhancement, plus one

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    All further dates refer to the year 2018 unless otherwise stated.

year for the prior prison term enhancement; on count 2, four years (the middle term of two years doubled due to defendant's prior strike conviction), stayed pursuant to section 654; and on count 3, two years eight months (one year four months doubled due to defendant's prior strike conviction) to be served concurrently with the term on count 1.

On the same date, defendant filed a notice of appeal.

## DISCUSSION[3]

Defendant argues his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed a one-year section 667.5, subdivision (b) prior prison term enhancement for a term served for two convictions of unlawfully taking or driving a motor vehicle, which is not a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). We therefore strike defendant's prior prison term enhancement.

Where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its

---

[3]     Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  However, remand is unnecessary where the trial court has imposed the maximum allowable penalty.  (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Here, the trial court did not impose the maximum penalty on count 1 and it is therefore appropriate to remand this matter for resentencing to allow the trial court to revisit its sentencing choices in light of the changed circumstances.  (See *People v. Buycks*, *supra*, 5 Cal.5th at p. 893.)  Accordingly, we strike the prior prison term enhancement and remand to the trial court for resentencing.

We note that, on remand, the court may not impose a sentence that exceeds the term originally imposed—16 years.  (*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1310–1312; see *People v. Serrato* (1973) 9 Cal.3d 753, 764, overruled on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; *People v. Torres* (2008) 163 Cal.App.4th 1420, 1431–1433.)

## **DISPOSITION**

Defendant's prior prison term enhancement (§ 667.5, subd. (b)) is stricken.  The sentence is vacated, and the matter is remanded to the trial court for resentencing.  On remand, the trial court may not impose a sentence that exceeds 16 years.  In all other respects, the judgment is affirmed.