Filed 6/8/21  P. v. Salter CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080688 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRF59603) |
| BRIAN MICHAEL SALTER, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Detjen, J. and Peña, J.

Defendant Brandon Michael Salter contends on appeal that his one-year prior prison term enhancement should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People agree that defendant's prior prison term enhancement should be stricken. We strike the prior prison term enhancement and affirm in all other respects.

## PROCEDURAL SUMMARY

On April 19, 2019,[2] the Tuolumne County District Attorney filed an information[3] charging defendant with possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1), possession of a firearm by a person addicted to narcotics (§ 29800, subd. (a)(1); count 2), possession of a controlled substance for sale (Health & Saf. Code, § 11378; count 3), and sale, offer to sell, or transport of a controlled substance (Health & Saf. Code, § 11379, subd. (a); count 4). As to each count, the information alleged defendant had served a prior prison term (§ 667.5, subd. (b)) for receipt of a stolen vehicle (§ 496d, subd. (a)).

On the same date, defendant pled guilty to all counts and admitted the prior prison term enhancement.

On July 5, the trial court sentenced defendant to five years in prison as follows: on count 1, three years (the middle term) plus one year for the prior prison term enhancement; on count 2, two years (the middle term) stayed pursuant to section 654; on count 3, two years (the middle term) stayed pursuant to section 654; and on count 4, one year (one-third of the middle term).[4]

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] All further dates refer to the year 2019 unless otherwise stated.

[3] The document is styled as a complaint but on April 19 the trial court deemed the complaint an information.

[4] The parties agree that the abstract of judgment erroneously reflects that the middle term was imposed on count 4. If, on remand, the trial court imposes the same term on

2.

On August 9, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On April 9, Tuolumne County Sheriff's deputies stopped a vehicle for traffic violations. Defendant told the deputies he had a shotgun in the vehicle. The deputies found a loaded sawed-off shotgun wrapped in a sweatshirt on the passenger side of the vehicle. Deputies also found a black sock in the vehicle, containing five bags of methamphetamine.

## DISCUSSION

Defendant argues his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed a one-year section 667.5, subdivision (b) prior prison term enhancement for a term served for a conviction of receipt of a stolen vehicle (§ 496d, subd. (a)) which is not a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). Defendant's prior prison term enhancement must be stricken.

---

count 4, the abstract must reflect that the sentence on that count is one-third of the middle term.

Where an appellate court strikes a portion of a sentence or orders a portion of a sentence stricken, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  However, remand is unnecessary where the trial court has imposed the maximum possible sentence.  (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Here, the trial court did not impose the maximum possible sentence—it imposed the middle term on count 1—and therefore remand is required.  Accordingly, we remand the matter to the trial court with direction to strike defendant's prior prison term enhancement and resentence defendant.

We note that, on remand, the court may not impose a sentence that exceeds the term originally imposed—five years.  (*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1310–1312; see *People v. Serrato* (1973) 9 Cal.3d 753, 764, overruled on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; *People v. Torres* (2008) 163 Cal.App.4th 1420, 1431–1433.)

## DISPOSITION

Defendant's sentence is vacated.  We remand the matter to the trial court with direction to strike defendant's prior prison term enhancement (§ 667.5, subd. (b)) and resentence defendant to a term that does not exceed the original term of five years.