Filed 8/31/20  P. v. Soliz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DYLAN CHASE SOLIZ,<br><br>    Defendant and Appellant. | F079829<br><br>(Super. Ct. No. RF008205A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Jason W. Webster, Commissioner.

Lindsay Sweet, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Detjen, Acting P.J., Franson, J. and DeSantos, J.

Defendant Dylan Chase Soliz contends on appeal that the two one-year prior prison term enhancements, imposed based on his prior felony convictions for burglary and unlawful taking or driving of a stolen vehicle, should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People concede the enhancements should be stricken. We accept the People's concession, strike the prior prison term enhancements, and remand the matter to the trial court for resentencing. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On April 23, 2019,[2] the Kern County District Attorney charged defendant with assault with a deadly weapon (§ 245, subd. (a)(1); count 1), battery causing serious bodily injury (§ 243, subd. (d); count 2), and two counts of violating a protective order (§ 273.6, subd. (a); counts 3 & 4). The complaint alleged as to counts 1 and 2 that defendant personally inflicted great bodily injury (§ 12022.7). The complaint further alleged that defendant had served two prior prison terms (§ 667.5, subd. (b)).

On May 7, defendant pled no contest to counts 1, 3, and 4, and admitted the truth of the great bodily injury enhancement allegation in exchange for dismissal of count 2 and an agreed term of imprisonment of three years if he complied with the terms of the agreement, or nine years if he failed to comply with the terms of the agreement. As a term of defendant's plea agreement, he was released on his own recognizance and agreed to comply with the terms of release, including that he would appear at all times and places ordered by the court and obey all laws.

On July 25, based on defendant's admission, the trial court found that defendant violated the terms of the agreement on July 2 by committing an offense while released on his own recognizance. The court followed the recommendation of the probation officer

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     All further dates refer to the year 2019 unless otherwise stated.

2.

and sentenced defendant to an eight-year term of imprisonment as follows:  on count 1, the court imposed the middle term of three years, plus a three-year enhancement for personal infliction of great bodily injury, plus two one-year prior prison term enhancements.[3]  On counts 3 and 4, the court imposed concurrent six-month terms of imprisonment.

On August 21, defendant filed a notice of appeal.

## DISCUSSION

Defendant argues his prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136.  The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b).  (§ 667.5, subd. (b).)  (Stats. 2019, ch. 590, § 1.)  That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed two one-year section 667.5, subdivision (b) prior prison term enhancements based on defendant's convictions for burglary and unlawful taking or driving of a vehicle, neither of which is a violent sexual offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  On January 1, 2020, defendant's case was not yet final.  Therefore, as the parties agree, defendant is entitled to

---

**3**      The abstract of judgment reflects that the court struck the punishment for all enhancements, but the trial court was clear in its oral pronouncement that it imposed those enhancements when it sentenced defendant to an eight-year term.  Indeed, if the court had struck the enhancements, defendant's sentence would have been three years rather than eight years.  The court's oral pronouncement of sentence controls over the sentence reflected in the abstract of judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).

The People argue the matter should be remanded for the sentencing court to "reconsider all sentencing choices, particularly since the court did not impose the maximum sentence available." Defendant does not respond. We agree with the People. Where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, when the trial court imposes the maximum possible sentence, remand after striking a portion of the sentence is unnecessary. (*Id*. at p. 896, fn. 15; *People v. Lopez, supra*, 42 Cal.App.5th at p. 342.) Here, the trial court sentenced defendant to the middle term of three years plus enhancements for a total term of eight years. Under the terms of the plea agreement, it could have imposed a term of nine years. Because we strike part of the sentence and because the trial court did not impose the maximum term available, we remand to the trial court for resentencing consistent with this opinion.

We note that, on remand, the court may not impose a sentence that exceeds the term originally imposed—eight years. (*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1310–1312; see *People v. Serrato* (1973) 9 Cal.3d 753, 764, overruled on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; *People v. Torres* (2008) 163 Cal.App.4th 1420, 1431–1433.)

## DISPOSITION

The two prior prison term enhancements (§ 667.5, subd. (b)) are stricken. The matter is remanded to the trial court for resentencing. On remand, the trial court may not impose a sentence that exceeds eight years. The trial court is directed to prepare an amended abstract of judgment and forward a copy to the appropriate entities. In all other respects, the judgment is affirmed.