Filed 9/8/20  P. v. Giron CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JAIME GIRON,<br><br>  Defendant and Appellant. | F079742<br><br>(Super. Ct. No. BF172092A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Smith, Acting P.J., Meehan, J. and Snauffer, J.

Defendant Jaime Giron raises two contentions on appeal: (1) his four one-year prior prison term enhancements should be stricken pursuant to Penal Code section 667.5,[1] subdivision (b), as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136); and (2) the trial court abused its discretion in refusing to dismiss his prior felony "strike" conviction for purposes of the "Three Strikes" law. The People concede the prior prison term enhancements should be stricken but argue that the court did not abuse its discretion in refusing to dismiss the prior strike conviction. We strike the prior prison term enhancements and affirm in all other respects.

**PROCEDURAL SUMMARY**

On May 18, 2018, the Kern County District Attorney charged defendant with transportation of methamphetamine for sale (Health & Saf. Code, § 11379, subd. (a); count 1), possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 2), and resisting a peace officer (§ 148, subd. (a)(1); count 3). As to counts 1 and 2, the information alleged defendant committed the offenses while released on bail (§ 12022.1), had suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served six prior prison terms (§ 667.5, subd. (b)).

On July 2, 2019,[2] the jury found defendant not guilty on count 1 but guilty of the lesser included offense of misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The jury found defendant guilty on counts 2 and 3. On the same date, in a bifurcated proceeding, the trial court found true the on-bail allegation, the prior strike allegation, and four of the six prior prison term allegations. The prior strike conviction was for a 2009 assault with a deadly weapon or with force likely to cause great bodily injury upon a peace officer (§ 245, subd. (c)). The prior prison terms were

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     All further dates refer to the year 2019 unless otherwise stated.

2.

served for convictions of vehicle theft (Veh. Code, § 10851, subd. (a)), two convictions of possession of a firearm by a felon (former §12021, subd. (a)(1), current § 29800, subd (a)(1)), and one conviction of assault with a deadly weapon or by means likely to cause great bodily injury upon a peace officer (§ 245, subd. (c)).

On July 22, defendant raised a *Romero*[3] motion, requesting that the trial court dismiss the prior strike conviction allegation for purposes of the Three Strikes law. The district attorney opposed the motion.

On July 31, the trial court denied the request. The court then sentenced defendant to an aggregate term of seven years as follows: on count 2, the court imposed the upper term of six years (three years doubled to six years due to the prior strike conviction), plus a one-year prior prison term enhancement. The court also imposed then stayed a two-year on-bail enhancement and three additional one-year prior prison term enhancements. On counts 1 and 3, the court imposed concurrent one-year terms and then stayed the term on count 1.

On August 1, defendant filed a notice of appeal.

### FACTUAL SUMMARY

On April 29, 2018, a Kern County Sheriff's Deputy stopped the vehicle defendant was driving. When additional deputies arrived, they searched defendant's person and the vehicle. The deputies found a cell phone and a black digital scale on defendant's person. The deputies also found a clear plastic sandwich bag of methamphetamine in the vehicle. The methamphetamine weighed 38.19 grams. One gram of methamphetamine provides about 10 uses.

Once deputies found the methamphetamine, they attempted to place defendant in the back of a patrol vehicle. Defendant attempted to flee and resisted the deputies who tried to stop him. Defendant pulled the arresting deputy about 10 yards before the deputy

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

3.

was able to pull defendant to the ground.  Even after the arresting deputy forced defendant to the ground, defendant continued to "thrash his body" and attempted to "buck" the deputy off.  Eventually, the other deputies assisted and were able to stop defendant's thrashing and placed him in a patrol vehicle.

The deputies continued searching the vehicle and found a second cell phone and a lunch box containing nine clear plastic sandwich bags.  No drug paraphernalia was recovered from the vehicle.

## DISCUSSION

### I.      Prior Prison Term Enhancements

Defendant argues his prior prison term enhancements must be vacated based on the retroactive application of Senate Bill 136.  The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b).  (§ 667.5, subd. (b).)  (Stats. 2019, ch. 590, § 1.)  That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed four one-year section 667.5, subdivision (b), prior prison term enhancements (three of which were stayed) based on terms of imprisonment for vehicle theft, possession of a firearm by a felon, and assault with a deadly weapon or by means likely to cause great bodily injury upon a peace officer, none of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  On January 1, 2020, defendant's case was not yet final.  Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).

4.

The parties further agree that remand for the court to consider alternative sentencing options is unnecessary. We agree.

Where an action is remanded after a sentence enhancement is struck, a trial court cannot impose a sentence greater than it originally imposed. (*People v. Torres* (2008) 163 Cal.App.4th 1420, 1431–1433.) Here, the trial court imposed a term of seven years. Because the trial court imposed a term that exceeds the maximum sentence now possible on count 2, and because striking the prior prison term enhancement results in the greatest possible sentence,[4] remand for the court to consider alternative sentencing options " ' "would be an idle act and is not required." ' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425; see *People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Accordingly, we strike the four prior prison term enhancements and direct the trial court to issue an amended abstract of judgment.

## II. *Romero* Motion

Defendant contends that the trial court abused its discretion in denying his *Romero* motion to dismiss his prior strike conviction because his criminal history indicated he was a "drug abuser [rather] than a serious threat to the community," his present felony conviction was relatively minor in nature, and his prior strike conviction was not recent. The People disagree, as do we.

### A. Background

Defendant filed a *Romero* motion, arguing that the prior strike conviction should be dismissed because the present felony conviction was nonviolent, he completed a drug treatment program, the prior strike conviction occurred in 2009 and was therefore remote in time, he was older than when he committed the prior strike offense, and a lengthy

---

[4]     Because we strike the prior prison term enhancements, defendant's term of imprisonment would be six years. If the trial court imposed the two-year on-bail enhancement, it could not impose a sentence that exceeds six years that did not also impermissibly exceed the original term of seven years.

sentence would still be imposed if the prior strike conviction was dismissed. The district attorney opposed that motion.

The trial court heard argument on the *Romero* motion. In addition to the reasons presented in the written motion, defense counsel argued that defendant was respectful during the trial and always arrived on time. The district attorney argued:

> "[D]efendant has a criminal history that spans 23 years of felony convictions. He has continuously been in and out of jail, as proven during the trial, since 2000. He has not been free of prison custody for more than five years.
> "The defendant had—in addition to his strike, he did pick up a felony in 2013 for … [s]ection 4573.6, while he was in custody.
> "He also has committed parole violations. The defendant was on parole and misdemeanor probation and on bail when he picked up this current case."

The trial court denied the *Romero* motion "for the reasons the People … articulated." While the court found that "defendant has some things about him that are … very positive, and perhaps bodes some hope for the future," striking the prior strike conviction was not warranted in light of his "overall criminality."

**B.      Analysis**

Section 1385 empowers a trial court to "order an action to be dismissed" in furtherance of justice, on its own or the prosecution's motion. (§ 1385, subd. (a).) Our Supreme Court held in *Romero*, *supra*, 13 Cal.4th 497, that a trial court has discretion under section 1385 to dismiss a prior strike when the court finds a defendant falls outside the spirit of the Three Strikes law. (*Romero*, at pp. 529–530.) In deciding whether to exercise this discretion, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent

6.

felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*); accord *People v. Johnson* (2015) 61 Cal.4th 674, 688–689.)

A trial court's "refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.) The Three Strikes law establishes that not striking a prior strike is the norm, and there is a "strong presumption that any sentence that conforms to [the] sentencing norm[ ] is both rational and proper." (*Id*. at p. 378.) "Where the record is silent [citation] or '[w]here the record demonstrates that the trial court balanced the relevant factors and reached an impartial decision in conformity with the spirit of the law,' " we are required to affirm the trial court's ruling, " 'even if we might have ruled differently in the first instance.' " (*Ibid*.)

Here, the trial court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) Defendant's arguments do not convince us to the contrary.

First, despite defendant's argument to the contrary, his criminal history and prospects weighed against his *Romero* motion. (*Williams*, *supra*, 17 Cal.4th at p. 161.) Defendant committed two theft offenses as a juvenile in 1995 and 1996. As an adult, defendant was convicted of six felony offenses between 2000 and 2013: a 2000 conviction for vehicle theft (Veh. Code, § 10851, subd. (a)), 2002 and 2005 convictions for being a felon in possession of a firearm (former § 12021, subd. (a)(1), current § 29800, subd. (a)(1)), 2006 and 2013 convictions for possession of a controlled substance in custody (§ 4573.6), and a 2009 strike conviction for assault with a deadly weapon or by means likely to cause great bodily injury upon a peace officer (§ 245, subd. (c)). Between 1995 and 2018, defendant was also convicted of five misdemeanor convictions as an adult and was found to have violated parole three times and probation

10 times. Further, defendant was on bail, parole, and misdemeanor probation when he committed the present offenses. His criminal history was extensive, included a violent offense and weapons offenses, and suggested he was a risk to the community. His noncompliance with terms of bail, parole, and probation suggested his prospects for noncriminal conduct were poor. Both suggested that he did not fall outside the spirit of the Three Strikes law and weighed against striking his prior strike conviction.

Next, defendant argues that the minor nature of the present offenses required the trial court to strike the prior strike conviction. We disagree. In the present offenses, defendant possessed 38 grams—or roughly 380 uses—of methamphetamine for sale and used force by "thrashing" and "bucking" against the deputies in his attempt to flee. In both resisting the deputies and selling methamphetamine, defendant engaged in serious and dangerous crimes that are not outside the spirit of Three Strikes law. Moreover, defendant had committed similar offenses in the past—he was previously convicted of multiple drug offenses and a violent offense against law enforcement, suggesting "that [defendant] had been taught, through the application of formal sanction, that [such] criminal conduct was unacceptable—but had failed or refused to learn his lesson.' " (*Williams*, *supra*, 17 Cal.4th at p. 163.) The nature and circumstances of the present offense did not weigh in favor of striking defendant's prior strike conviction because they did not suggest a minor stumble in an otherwise rehabilitated and crime-free life. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 (*Humphrey*).)

Finally, the fact that defendant's prior strike conviction occurred roughly 10 years prior to his sentencing in this matter does not impact our conclusion. "In determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*Humphrey*, 58 Cal.App.4th at p. 813; see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [a prior strike conviction is not properly stricken merely because it is 30 years old].) "To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as

8.

'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Humphrey*, at p. 813.) Here, as noted, defendant did not live a " 'legally blameless life' " (*ibid.*) after his 2009 strike prior—he was convicted of a felony offense while in custody in 2013, was paroled in 2017, and violated parole in the same year by committing new offenses. Defendant's prior strike conviction was not so remote that he fell outside the spirit of Three Strikes law.

On the record before us, the trial court's determination that the prior strike did not fall outside of the spirit of the Three Strikes law was not irrational or arbitrary and therefore did not constitute an abuse of discretion.

## DISPOSITION

All four prior prison term enhancements (§ 667.5, subd. (b)) are stricken. The trial court is directed to prepare an amended abstract of judgment removing the prior prison term enhancements. The trial court shall forward a copy of the amended abstract of judgment to the appropriate entities. As so modified, the judgment is affirmed.