Filed 6/22/21  P. v. Rodriguez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDUARDO VALDIVIAS RODRIGUEZ,<br><br>    Defendant and Appellant. | F081242, F081243<br><br>(Super. Ct. Nos. BF165668A,<br>BF169664A)<br><br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P.J., Smith, J. and Snauffer, J.

Defendant Eduardo Valdivias Rodriguez entered into a plea agreement with a stipulated sentencing range. The trial court imposed a sentence that included one one-year prior prison term enhancement. Defendant contends on appeal that his one-year prior prison term enhancement should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People agree. If the prior prison term enhancement is stricken, defendant's sentence will remain within the range set by the plea agreement. Defendant and the People therefore further agree that remand for resentencing or to permit the prosecutor or the trial court to withdraw approval for the plea agreement is unnecessary. We agree with the parties that permitting the prosecutor and trial court an opportunity to withdraw from the plea agreement is not required but remand is appropriate for the trial court to resentence defendant to a sentence consistent with the plea agreement in light of the changed circumstances. We therefore vacate defendant's sentence and remand with directions for the trial court to strike defendant's prior prison term enhancement and resentence defendant. In all other respects, we affirm.

## PROCEDURAL SUMMARY

### The Charges

#### Kern County Case No. BF165668A

On November 7, 2016, the Kern County District Attorney filed an information in case No. BF165668A charging defendant with escape from electronic monitoring (§ 4532, subd. (b)(2); count 1) and failure to return to confinement (§ 4532, subd. (e); count 2). The information further alleged that defendant had suffered three prior serious felony "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had served four prior prison terms (§ 667.5, subd. (b)).

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

On February 22, 2017, defendant pled no contest to count 1, admitted having suffered two prior strike convictions, and admitted having served four prior prison terms. Count 2 was dismissed on the People's motion.

On the same date, the trial court indicated it would impose a 15-year suspended sentence, with one year to be served in custody. The trial court then released defendant pending sentencing in six months on a *Cruz*[2] waiver. Before sentencing took place, defendant was charged with new offenses.

### Kern County Case No. BF169664A

On March 5, 2018, the Kern County District Attorney filed an amended information in case No. BF169664A charging defendant with inflicting corporal injury resulting in a traumatic condition on a person in a dating relationship (§ 273.5, subd. (a); count 1), dissuading a witness (§ 136.1, subd. (b)(2); count 2), and misdemeanor knowingly violating a protective order (§ 166, subd. (c)(1); count 3). As to count 1, the information further alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (e)) and committed the offenses while released from custody pending judgment (§ 12022.1). As to counts 1 and 2, the information further alleged defendant had suffered a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) which also qualified as a prior serious felony conviction (§ 667, subd. (a)). The information alleged defendant had served three prior prison terms (§ 667.5, subd. (b)) with respect to count 1, and four prior prison terms with respect to count 2.

### The Plea Agreement and Sentence

On March 6, 2018, defendant entered a plea agreement with a stipulated sentencing range of 20 to 22 years which resolved the charges in case Nos. BF165668A and BF169664A and violation of postrelease community supervision violations in case Nos. BV008116A and BV006755A. As to case No. BF169664A, defendant pled

---

**2**      *People v. Cruz* (1988) 44 Cal.3d 1247, 1249.

no contest to counts 1 and 2 pursuant to a negotiated plea agreement.  Count 3 was dismissed on the prosecutor's motion.  As to count 1, he admitted personally inflicting great bodily injury and committing the offense while released from custody pending judgment.  On counts 1 and 2, he admitted having suffered a prior strike conviction and prior serious felony conviction, and having served three prior prison terms.  Defendant admitted that the prior prison terms were served for convictions of robbery (§ 211), assault with a deadly weapon (§ 245, subd. (a)(1)), and carrying a concealed dirk or dagger (§ 21310).  On the same date, pursuant to the plea agreement, defendant admitted two violations of postrelease community supervision in case Nos. BV008116A and BV006755A.

On April 5, 2018, the trial court sentenced defendant to a total term of 21 years eight months in prison as follows:  on count 1 of case No. BF169664A, four years (the lower term of two years doubled due to the prior strike conviction), plus a three-year infliction of great bodily injury enhancement, a two-year commission of the offense while on prejudgment release enhancement, a five-year serious felony conviction enhancement, and a one-year prior prison term enhancement; on count 2 of case No. BF169664A, four years (the middle term of two years doubled due to the prior strike conviction) to be served consecutively to the term on count 1; on count 1 of case No. BF165668A, two years eight months (one-third of the middle term of four years doubled due to the prior strike conviction) to be served consecutively to the term on count 1 of case No. BF169664A; on the violations of postrelease community supervision in case Nos. BV008116A and BV006755A, concurrent terms of 180 days with credit for time served.

### The Prior Appeal and Remand

On April 19, 2018, defendant filed notices of appeal.

On September 30, 2018, before defendant's appeal was final, the Governor signed Senate Bill No. 1393 which, effective January 1, 2019, amended sections 667(a) and

1385(b) to allow a trial court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1013, §§ 1–2.)

On October 10, 2019, we vacated defendant's sentence and remanded the matter to the trial court with direction to "consider whether to exercise its discretion to strike the prior serious felony conviction enhancement (§ 667, subd. (a))." We affirmed in all other respects.

On May 20, 2020, after the parties briefed the issue, the trial court declined to strike the prior serious felony conviction enhancement.

On May 26, 2020, defendant filed notices of appeal.

## DISCUSSION[3]

### A. Defendant's Prior Prison Term Enhancement Must Be Stricken

Defendant argues his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed a one-year section 667.5, subdivision (b) prior prison term enhancement. While the trial court did not identify which of defendant's three admitted prior prison terms served as the basis for the enhancement, the terms were

---

[3] Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

served for robbery (§ 211), assault with a deadly weapon (§ 245, subd. (a)(1)), and carrying a concealed dirk or dagger (§ 21310), none of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). Defendant's prior prison term enhancement must therefore be stricken.

Generally, where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) That rule applies equally to resentencing after reversal of a count of conviction or striking of an enhancement. (See *ibid*., citing with approval *People v. Sanchez* (1991) 230 Cal.App.3d 768, 771–772 [consideration of all sentencing choices on remand is appropriate after reversal for erroneous application of a section 12022.1 on-bail enhancement]; *People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

However, the full resentencing rule is limited when a plea agreement specifies the punishment to be imposed because a trial court " 'may not proceed as to the plea other than as specified in the plea.' " (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1156.) A plea agreement is a form of contract to which a court consents to be bound by approving the agreement. (*People v. Segura* (2008) 44 Cal.4th 921, 929–930.) A trial court "may approve or reject [a negotiated plea] agreement, but the court may not … [approve the agreement and then] effectively withdraw its approval by later modifying the terms of the agreement it had approved." (*Id*. at pp. 931−932; see § 1192.5.) Therefore, when a portion of an agreed-upon sentence must be stricken, remand for resentencing would be futile and thus not appropriate if no amended sentence could conform with the terms of

the plea agreement.  (See *Barton*, at p. 1156; *People v. Hernandez* (2020) 55 Cal.App.5th 942, 957.)[4]

Here, the parties negotiated a sentencing range—20 to 22 years' imprisonment. The trial court accepted the plea and sentenced defendant to a term of 21 years eight months.  When defendant's prior prison term enhancement is stricken, defendant's remaining term will be 20 years eight months.  That sentence falls within the sentencing range negotiated by the parties and approved by the trial court.  As the parties agree, striking the prior prison term enhancement therefore does not run afoul of the plea agreement and does not require us to remand to permit the prosecutor or trial court to withdraw from the plea agreement.  (See *People v. Hernandez*, *supra*, 55 Cal.App.5th at pp. 954, 958–959.)

However, remand to resentence defendant to a term consistent with the plea agreement, in light of changed circumstances, would not be futile.  The remaining sentence after striking defendant's prior prison term enhancement would not be the highest available term permissible under the plea agreement[5] nor has the trial court

---

[4]     We also note that a trial court cannot ignore a change in the law and decline to modify an agreed-upon sentence as based on the terms of a plea agreement.  (See *Doe v. Harris* (2013) 57 Cal.4th 64, 66 ["That the parties enter into a plea agreement … does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them."].)  A defendant is entitled to the benefit of ameliorative changes in the law like that effectuated by Senate Bill 136.  Such unknown future benefits cannot be waived by plea bargain.  (§ 1016.8, subds. (a) & (b).)

[5]     For instance, the trial court could modify the sentence to impose the middle term of six years (rather than the low term of four years) on count 1 of case No. BF169664A, the upper term of six years (rather than the middle term of four years) on count 2 of case No. BF169664A, and strike the great bodily injury enhancement attached to count 1 of case No. BF169664A to arrive at the original sentence of 21 years eight months.  We do not take a position on whether that would constitute an appropriate sentence.  We note only that because the trial court has a calculation method available to it that would allow it to reach the same sentence, remand is appropriate for the trial court to resentence defendant.  (See *People v. Torres* (2008) 163 Cal.App.4th 1420, 1431–1433.)

indicated that it certainly would not resentence defendant to the same term of 21 years eight months using a different calculation method. (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 772–773; see *People v. Flores* (2020) 9 Cal.5th 371, 431–432; *People v. Buycks*, *supra*, 5 Cal.5th at p. 893.) We will therefore remand the matter to the trial court to resentence defendant in compliance with the plea agreement.

In resentencing defendant, the trial court cannot impose a higher sentence than the 21 years eight months it originally imposed. (*People v. Torres*, *supra*, 163 Cal.App.4th at pp. 1431–1433; *People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1310–1312.)

## **DISPOSITION**

The sentence is vacated and the matter remanded to the superior court with directions to strike the prior prison term enhancement (§ 667.5, subd. (b)) and resentence defendant to a sentence consistent with the plea agreement that does not exceed 21 years eight months. In all other respects, the judgment is affirmed.